1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**
9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| RAVON LOVOWE RAMSEY, | No. 2:20-CV-0327-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

Case 2:20-cv-00327-DMC Document 9 Filed 07/21/20 Page 2 of 6

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, Ravon Lovowe Ramsey, is an inmate at California Health Care Facility. Plaintiff names the following defendants: (1) California Department of Corrections and Rehabilitation Sacramento, (2) Salinas Valley State Prison, (3) Chief Medical Officer at Salinas Valley State Prison, and (4) Dr. Rasheed, Optometrist at City of Las Tables. Plaintiff seeks injunctive relief mandating proper treatment for his eye surgery and three million dollars in punitive damages.

Plaintiff claims that defendants violated his Eighth and Fourteenth Amendment rights to medical care. Plaintiff alleges that defendants denied plaintiff access to emergency surgery necessary to save his eyesight. Plaintiff claims that he was being prepared for emergency surgery when a CDCR officer received a phone call from Salinas Valley State Prison informing them that plaintiff was not approved to go through with the surgery. Plaintiff claims the emergency room surgeon stated that plaintiff's best chance of recovering eyesight was to see an eye specialist very soon. Plaintiff also claims that he had difficulty recounting the precise interaction because he was highly sedated during the encounter. See ECF No. 1, pg. 3.

Plaintiff alleges that the Chief Medical Officer at Salinas Valley State Prison violated his Eighth and Fourteenth Amendment rights by refusing to approve plaintiff's emergency eye surgery. Plaintiff claims that he will now have to undergo numerous eye surgeries to correct the damage that occurred due to the lack of emergency surgery. Plaintiff also claims that defendant Rasheed should have stepped in to challenge the CMO's orders.

///

///

1

## II. DISCUSSION

2     Plaintiff states a cognizable Eighth Amendment deliberate indifference claim

3 against the Chief Medical Officer of Salinas Valley State Prison. The Court otherwise finds that

4 plaintiff's claim suffers two defects. First, plaintiff cannot state a cognizable claim against

5 California Department of Corrections and Rehabilitation or Salinas Valley State Prison because

6 the Eleventh Amendment bars such suits. Second, plaintiff has failed to allege a sufficient

7 specific causal connection between defendant Rasheed and the alleged constitutional violations.

8     **A.**    __Eleventh Amendment Immunity from Suit__

9     The Eleventh Amendment prohibits federal courts from hearing suits brought

10 against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

11 Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

12 extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

13 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

14 Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

15 agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

16 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

17     To determine whether a governmental agency is an arm of the state, the court

18 should "look to state law and examine 'whether a money judgment would be satisfied out of state

19 funds, whether the entity performs central governmental functions, whether the entity may sue or

20 be sued, whether the entity has the power to take property in its own name or only in the name of

21 the state, and the corporate status of the entity.'" Hale, 993 F.2d at 1399 (quoting Mitchell v. L.A.

22 Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988)); see also Del Campo v. Kennedy, 517 F.3d

23 1070, 1077 (9th Cir. 2008); Beentjes v. Placer Cty. Air Pollution Control Dist., 397 F.3d 775, 778

24 (9th Cir. 2005); Holz v. Nenana City Pub. Sch. Dist., 347 F.3d 1176, 1180 (9th Cir. 2003); Aguon

25 v. Commonwealth Ports Auth., 316 F.3d 899, 901 (9th Cir. 2003); Streit v. Cty. of Los Angeles,

26 236 F.3d 552, 566 (9th Cir. 2001); Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996).

27 ///

28 ///

1            1.     California Department of Corrections and Rehabilitation

2          The Eleventh Amendment bars plaintiff from suing the California Department of

3 Corrections and Rehabilitation. The California Department of Corrections and Rehabilitation is a

4 state agency responsible for the incarceration and correction of prisoners in the State of California

5 and is therefore entitled to the same Eleventh Amendment protections as the State of California.

6 Thus, plaintiff cannot state a cognizable claim against the California Department of Corrections

7 and Rehabilitation and any further amendment would be futile.

8            2.     Salinas Valley State Prison

9          The Eleventh Amendment also bars plaintiff from suing Salinas Valley State

10 Prison. Salinas Valley State Prison is a branch of the California Department of Corrections and

11 Rehabilitation and performs the central government function of incarcerating and correcting

12 prisoners in the State of California. Thus, Salinas Valley State Prison is entitled to the same

13 Eleventh Amendment protections as California. Plaintiff cannot state a cognizable claim against

14 Salinas Valley State Prison and any further amendment would be futile.

15         **B.**     **Claims Against Defendant Rasheed**

16          Generally, private parties are not acting under color of state law. See Price v.

17 Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento Cty. Superior

18 Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not

19 act under color of state law). Where a private party conspires with state officials to deprive others

20 of constitutional rights, however, the private party is acting under color of state law. See Tower v.

21 Glover, 467 U.S. 914, 920 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Crowe v. Cty. of

22 San Diego, 608 F.3d 406, 440 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002);

23 DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000); George v. Pacific-CSC Work

24 Furlough, 91 F.3d 1227, 1231 (9th Cir. 1996) (per curiam); Kimes v. Stone, 84 F.3d 1121, 1126

25 (9th Cir. 1996); Howerton v. Gabica, 708 F.2d 380, 383 (9th Cir. 1983).

26 / / /

27 / / /

28 / / /

1    It is not clear from plaintiff's allegations whether Rasheed was an employee at the

2   privately-owned hospital or a medical professional employed by the prison or the state.

3   Distinguishing between a private party and a government employee is crucial towards

4   establishing liability under § 1983. <u>See</u> <u>Howerton v. Gabica</u>, 708 F.2d 380, 382 (9th Cir. 1983)

5   ("in order to state a claim . . . [plaintiff] must show . . . that the defendants acted under color of

6   state law . . ."); <u>also</u> <u>id.</u> ("[a]ction taken by private individuals may be 'under color of state law'

7   where there is 'significant' state involvement in the action.")(citations omitted). Because plaintiff

8   has not clearly alleged whether Rasheed was a hospital employee or an optometrist employed by

9   the prison, the Court cannot properly analyze plaintiff's complaint against Rasheed. Thus,

10  plaintiff has failed to state a cognizable claim against Rasheed.

11

12                                  **III. CONCLUSION**

13    Because it is possible that some of the deficiencies identified in this order may be

14  cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the

15  entire action. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff

16  is informed that, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u>

17  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

18  amend, all claims alleged in the original complaint which are not alleged in the amended

19  complaint are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

20  plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

21  plaintiff's amended complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be

22  complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

23    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

24  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

25  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

26  each named defendant is involved, and must set forth some affirmative link or connection

27  between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d

28  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

1    Because some of the defects identified in this order cannot be cured by

2    amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now

3    has the following choices: (1) plaintiff may file an amended complaint which does not allege the

4    claims identified herein as incurable, in which case such claims will be deemed abandoned and

5    the court will address the remaining claims; or (2) plaintiff may file an amended complaint which

6    continues to allege claims identified as incurable, in which case the Court will issue findings and

7    recommendations that such claims be dismissed from this action, as well as such other orders

8    and/or findings and recommendations as may be necessary to address the remaining claims.

9    Finally, plaintiff is warned that failure to file an amended complaint within the

10   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

11   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

12   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

13   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

14   Accordingly, IT IS HEREBY ORDERED that:

15   1.    Plaintiff's complaint is dismissed with leave to amend; and

16   2.    Plaintiff shall file an amended complaint within 30 days of the date of

17   service of this order.

18

19   Dated:  July 21, 2020

20   _____

21   DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28